IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO FLAVIO GARCIA,

    Petitioner,                    No. CIV S-10-0968 GEB DAD P

    vs.

KEN CLARK, Warden,

    Respondent.                ORDER

_____/

        On September 15, 2010, petitioner filed a motion requesting that the court initiate discovery in this matter. Pursuant to Rule 6 of the Rules Governing § 2254 Cases, the court may, upon showing of good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure. Here, however, respondent has yet to file a response to petitioner's application for a writ of habeas corpus. Accordingly, petitioner's request will be denied as being premature.[1]

---

[1] Moreover, petitioner is advised that parties in a habeas proceeding are not entitled to discovery as a matter of course. See Bracy v. Gramley, 520 U.S. 899, 904 (1997); Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir.), cert. denied 540 U.S. 1013 (2003). Rather, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his [or her] discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a), Rules Governing § 2254 Cases. See also Bracy, 520 U.S. at 904. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300

1

For the reasons set forth above, IT IS HEREBY ORDERED that petitioner's September 15, 2010, motion for leave to conduct discovery (Doc. No. 29) is denied as premature.

DATED: October 5, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
garc0968.mots(3)

---

(1969)). See also Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2004). Nonetheless, in order to obtain discovery a habeas petitioner need not demonstrate that he will prevail on the claim underlying the discovery request. See Bracy, 520 U.S. at 909; Pham, 400 F.3d at 743. A request for discovery "include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b), Rules Governing § 2254 Cases. Finally, federal courts have "the power to 'fashion appropriate modes of procedure,' including discovery, to dispose of habeas petitions 'as law and justice require[.]'" Bracy, 520 U.S. at 904 (citations omitted) (quoting Harris, 394 U.S. at 299-300). See also Bittaker, 331 F.3d at 728.