1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARIO FLAVIO GARCIA,

11              Petitioner,               No. CIV S-10-0968 GEB DAD P

12        vs.

13   KEN CLARK, Warden,

14              Respondent.               <u>ORDER</u>

15   _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Respondent filed an answer to the petition on September

18   22, 2010, and petitioner filed a traverse on December 13, 2010.  Before the court are: (1)

19   petitioner's September 10, 2010 motion for the preservation of evidence and for sanctions; (2)

20   petitioner's December 13, 2010 motion for an evidentiary hearing; (3) petitioner's December 13,

21   2010 motion for the appointment of counsel; and (4) petitioner's February 7, 2011 request for an

22   extension of time.  The court will address all four motions in turn below.

23   **A.  Motion for Preservation of Evidence and for Sanctions**

24          On September 10, 2010, petitioner filed a motion for an order requiring California

25   authorities to preserve evidence from his criminal trial and for sanctions against respondent for

26   the intentional destruction of evidence.  Petitioner argues that the evidence from his trial  is or

1

1   may be relevant to his claim of actual innocence.  (Pet'r's Oct. 13 Reply at 4.)  Petitioner states

2   that his vehicle is critical evidence in this case and that he has recently learned the vehicle was

3   released by the Placer County Sheriff's Department to a third party and is no longer being held by

4   law enforcement officials as evidence.  (Mot. at 2.)  Petitioner explains that the District Attorney

5   offered to release petitioner's vehicle to him in 2007 if he would waive all rights to further

6   discovery of the car, but petitioner refused to waive these rights because he believed that

7   bloodstain evidence found in the vehicle was "planted."  (Id. at 2-3.)  Petitioner argues that "it is

8   imperative that all evidence in this case be preserved."  (Id. at 3.)  Accordingly, he seeks a

9   "protective order" to "preserve" the following evidence:  (a) records and results of all tests

10  conducted on his vehicle; (b) records and reports of all tests conducted on petitioner while he was

11  housed at the Placer County Jail; (c) the original note given by an inmate named Cuellar to

12  Sergeant McDonald of the Placer County jail; and (d) all exculpatory and possibly exculpatory

13  "evidence, information or material."  (Id. at 3-4.)  Petitioner explains that he needs these

14  materials because he plans to file a motion for leave to conduct discovery.  (Id. at 3.)[1]  He also

15  seeks the award of sanctions "for the intentional destruction of evidence as deem[ed] fair and

16  proper."  (Id. at 4.)

17          Respondent argues that petitioner is not entitled to an order for the preservation of

18  evidence.  He notes that petitioner has not cited any authority for the proposition that a district

19  court may order state law enforcement officials to preserve trial evidence where post-conviction

20  state court proceedings have concluded and the state court judgment of conviction is final.

21  (Opp'n at 1-2.)  Respondent argues that, even if the district court has that authority, it should not

22  be exercised here because there is no evidence the items petitioner seeks to preserve have

23  exculpatory value that was apparent before their destruction, or that comparable evidence cannot

24  

_____

25      [1]  After petitioner filed his motion to preserve evidence, he filed a lengthy motion seeking
    leave to conduct discovery.  (Doc. No. 29.)  That motion was denied as premature, on the grounds
26  that respondent had not yet filed an Answer.  (Doc. No. 34.)

be obtained from other sources.  (<u>Id.</u> at 2.)  Respondent contends that petitioner has failed to

provide reliable information suggesting what the listed records will show and/or how the

information is relevant to the claims raised in the instant petition.  (<u>Id.</u> at 3.)  Finally, respondent

argues that petitioner's request to preserve "all exculpatory evidence, information or material" is

"too vague and overbroad to be meaningful."  (<u>Id.</u>)  He notes that petitioner has failed to specify

exactly what evidence and/or information he wishes the state authorities to preserve and has

failed to show that the requested "evidence, information or material" is still in the possession of

the prosecutor.  (<u>Id.</u> at 4.)

        Assuming arguendo that this court has the authority to issue an order requiring

state authorities to preserve evidence pending a ruling on a federal habeas petition,[2] petitioner has

not shown good cause for the issuance of such an order in this case.  First, to the extent petitioner

wishes to preserve the specified evidence in the event he decides to request it in a motion for

discovery to be filed in the future, his request is far too speculative to warrant relief.  Second,

petitioner's unsupported "belief" that the information and test results to which he refers may

yield or lead to exculpatory evidence is insufficient to support an order to preserve evidence.

(<u>See</u> Reply at 3.)  Similarly, petitioner's request for an order requiring state authorities to

preserve evidence that is or may be exculpatory is too vague and conclusory to warrant the

granting of any relief.  <u>See</u> <u>Youngblood v. West Virginia</u>, 547 U.S. 867, 869 (2006) ("A <u>Brady</u>

violation occurs when the government fails to disclose evidence materially favorable to the

accused"); <u>Rich v. Calderon</u>, 187 F.3d 1064, 1068 (9th Cir. 1999) ("Habeas is an important

safeguard whose goal is to correct real and obvious wrongs . . . It was never meant to be a fishing

expedition for habeas petitioners to 'explore their case in search of its existence.'") (quoting

---

[2] <u>See</u> 28 U.S.C. § 1651 ("The Supreme Court and all courts established by Act of Congress
may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to
the usages and principles of law"); <u>Harris v. Nelson</u>, 394 U.S. 286, 299-300 (1969) ("[The Supreme
Court has] held explicitly that the purpose and function of the All Writs Act to supply the courts with
the instruments needed to perform their duty [to issue orders appropriate to assist them in conducting
factual inquiries] . . . extend to habeas corpus proceedings").

1   Calderon v. U.S.D.C. (Nicolaus), 98 F.3d 1102, 1106 (9th Cir. 1996)); Orbe v. True, 201 F.

2   Supp.2d 671, 677 (E.D. Va. 2002) ("In sum, courts should decline to enter orders directing

3   preservation of evidence where, as here, the requesting party fails to describe with reasonable

4   particularity the evidence to be preserved, its materiality or exculpatory potential, and the identity

5   of the custodian of such evidence").

6           In the event this court requires supplementation of the record in order to issue

7   findings and recommendations on petitioner's habeas petition, an appropriate order will be

8   issued.  See Rule 7 of the Rules Governing Section 2254 Cases in the United States District

9   Courts ("If the petition is not dismissed, the judge may direct the parties to expand the record by

10  submitting additional materials relating to the petition"); see also Rule 6(a)of the Rules

11  Governing § 2254 Cases ("[a] party shall be entitled to invoke the processes of discovery

12  available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the

13  exercise of his [or her] discretion and for good cause shown grants leave to do so, but not

14  otherwise."); Bracy v. Gramley, 520 U.S. 899, 904, 909 (1997); Pham v. Terhune, 400 F.3d 740,

15  743 (9th Cir. 2004); Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir.), cert. denied, 540 U.S.

16  1013 (2003); Rich, 187 F.3d at 1068 (discovery is available "in the discretion of the court and for

17  good cause").  At this stage of the proceedings, the court does not find good cause to issue an

18  order preserving evidence from petitioner's criminal trial.  Nor does the court find that good

19  cause has been established to sanction respondent or any other person for the alleged destruction

20  of evidence.  Accordingly, petitioner's motion to preserve evidence and for sanctions will be

21  denied.

22  **B.  Motion for Evidentiary Hearing**

23          Petitioner contends that an evidentiary hearing is necessary in this habeas action in

24  order to resolve disputed issues of fact in connection with the first eighteen claims contained in

25  the instant petition.

26  /////

4

1        Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District

2   Courts provides that where a petition for a writ of habeas corpus is not dismissed at a previous

3   stage in the proceeding, the judge, after the answer and transcripts and record of the state court

4   proceedings are filed, shall, upon review of those proceedings, determine whether an evidentiary

5   hearing is warranted.  An evidentiary hearing on a claim is required where it is clear from the

6   petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the

7   state court trier of fact has not reliably found the relevant facts.  See Hendricks v. Vasquez, 974

8   F.2d 1099, 1103 (9th Cir. 1992).  The function of an evidentiary hearing is to resolve the merits

9   of a factual dispute.  Townsend v. Sain, 372 U.S. 293, 309 (1963), overruled in part by Keeney v.

10  Tamayo-Reyes, 504 U.S. 1 (1993).

11       Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

12  express limitations are imposed on the power of a federal court to grant an evidentiary hearing.

13  The habeas statute provides that a district court may not hold an evidentiary hearing on a claim

14  for which the petitioner failed to develop a factual basis in state court unless petitioner shows

15  that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has

16  made retroactive to cases on collateral review, or (b) a factual predicate that could not have been

17  previously discovered through the exercise of due diligence, and (2) the facts underlying the

18  claim would be sufficient to establish by clear and convincing evidence that but for constitutional

19  error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

20  28 U.S.C. § 2254(e)(2).  If an evidentiary hearing is authorized under the standard set forth in §

21  2254(e)(2), such a hearing is nonetheless not required.  Downs v. Hoyt, 232 F.3d 1031, 1041 (9th

22  Cir. 2000).  The district court retains discretion whether to hold an evidentiary hearing or to

23  expand the record with discovery and documentary evidence instead.  Williams v. Woodford,

24  384 F.3d 567, 590 (9th Cir. 2004).  This permissible intermediate step may avoid the necessity of

25  an expensive and time consuming hearing in every habeas corpus case.  Id. at 590-91.

26  /////

Until this court has the opportunity to conduct a thorough review of the potential merits of petitioner's claims, the court cannot determine whether there is a factual dispute necessitating an evidentiary hearing or supplementation of the record in this case. Following such a review, the court will sua sponte issue an order for an evidentiary hearing should it find that such a hearing is necessary. Accordingly, the request for an evidentiary will be denied at this time without prejudice to its sua sponte renewal by the court.

**C.  Motion for Appointment of Counsel**

Petitioner has also filed a motion for the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, petitioner's motion for the appointment of counsel will be denied.

**D.  Motion for Extension of Time**

On February 7, 2011, petitioner filed a request for a twenty-day extension of time to file a reply to respondent's January 27, 2011 opposition to petitioner's request for evidentiary hearing. Petitioner filed his reply on February 11, 2011. This court has considered petitioner's reply in issuing this order. Accordingly, petitioner's request for an extension of time will be denied as unnecessary.

CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's September 10, 2010 motion for the preservation of evidence and for sanctions (Doc. No. 27) is denied;

2. Petitioner's December 13, 2010 request for an evidentiary hearing (Doc. No. 42) is denied without prejudice to the court's sua sponte reconsideration should the court

conclude that an evidentiary hearing is necessary upon consideration of the merits of petitioner's claims;

      3.  Petitioner's December 13, 2010 request for appointment of counsel (Doc. No. 43) is denied; and

      4.  Petitioner's February 7, 2001 request for an extension of time to file a reply to respondent's opposition to petitioner's motion for evidentiary hearing (Doc. No. 49) is denied as unnecessary.

DATED: February 16, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
garcia968.o

7