UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO FLAVIO GARCIA,<br><br>    Petitioner,<br><br>  v.<br><br>KEN CLARK, Warden,<br><br>    Respondent. | No. 2:10-cv-0968 GEB DAD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 19, 2012, the undersigned issued an order and findings and recommendations which denied petitioner's motions to conduct discovery, to strike, to compel production of transcripts, and his request for an evidentiary hearing, and recommended that federal habeas relief be denied as to all of the claims set forth in his petition. (ECF No. 130.) Petitioner filed objections to those findings and recommendations on December 3, 2012. (ECF No. 141.) On January 4, 2013, the assigned District Judge adopted those September 19, 2012 findings and recommendations in full and declined to issue a certificate of appealability. (ECF No. 142.) Judgment was entered that same day. Petitioner then filed a timely appeal in the United States Court of Appeals for the Ninth Circuit. That appeal is still pending.

Before the court is petitioner's June 17, 2013 "Motion to Request for an Independent Examination of the Correctness, Fairness, and Integrity of the District Court's Habeas

1

Proceedings and Final Judgment," purportedly brought pursuant to Federal Rule of Civil Procedure 60(b). Therein, petitioner requests that the District Court "conduct an independent examination of the correctness, fairness, and integrety [sic] of the district court's habeas proceedings and final judgment, following denial of Petitioner's motions for leave of court to conduct discovery, evidentiary hearing, production of transcripts, and declining to issue a certificate of appealability." (ECF No. 149-1 at 4.) In the pending motion petitioner argues that he "did not get a fair shot in the original 2254 habeas proceeding because its integrety [sic] was marred by manifest egregious errors of law and fact, judicial bias, and discrimination that must be corrected in further proceedings." (Id. at 6.) Petitioner also requests an "evidentiary hearing" on his pending motion.

Specifically, petitioner argues that the District Court failed to carefully and thoroughly analyze the claims contained in his petition, failed to address some of his ineffective assistance of counsel claims altogether, and failed to apply "the proper constitutional case law" to the claims it did address. (Id.) He further argues that the District Court judgment "lacked the careful and thorough analysis required of the full merits of his claims with the facts." (Id. at 54.) Petitioner essentially challenges all of the written rulings issued by the court in this habeas action, including the court's decisions on his requests for reconsideration, discovery motions, as well as that denying him federal habeas relief on his claims.[1]

Respondent filed an opposition to petitioner's Rule 60(b) motion on July 8, 2013. (ECF No. 150.) Therein, respondent argues that petitioner's motion should be dismissed as an unauthorized successive habeas petition. (Id. at 2-3.) In the alternative, respondent argues that the motion should be denied on the merits. (Id. at 3-8.)

Petitioner counters that his motion for reconsideration is not a successive habeas petition because he is not attempting to rehash old arguments or introduce new arguments which could

/////

---

[1] Petitioner has also filed in this court a copy of a motion he filed in the Court of Appeals for the Ninth Circuit, in which he requests that the Court of Appeals suspend its decision on petitioner's application for a certificate of appealability until this court decides his Rule 60(b) motion. (ECF No. 154.)

have been raised earlier, but rather is alleging a defect in the integrity of the federal habeas process. (Id.)

None of petitioner's arguments are persuasive. "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (footnote omitted) (citing 28 U.S.C. § 2254 Rule 11 & Fed. R. Civ. Proc. 81(a)(2)). Rule 60(b) provides for relief on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. 571 F.3d 873, 880 (9th Cir. 2009) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). See also Manago v. Gonzales, No. 1:11-cv-01269-SMS (PC), 2013 WL 1499323, *1 (E.D. Cal. April 10, 2013) (denying Rule 60(b) motion in action brought pursuant to 42 U.S.C. § 1983 because motion was based simply on a disagreement with court's previous decision and did not show new or different facts or circumstances that did not exist when prior motion was filed).

A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, 571 F.3d at 880 (quoting Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). A motion that "does not challenge the 'integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably,' is raising a 'claim' that takes it outside the purview of Rule 60(b)." United States v. Washington, 653 F.3d 1057, 1063

(9th Cir. 2011) (quoting Gonzalez, 545 U.S. at 532 n.5).  A Rule 60(b) motion constitutes

> a second or successive habeas petition (for which the petitioner must first obtain permission from the court of appeals before filing in the district court) where the motion seeks to present new evidence in support of a claim already litigated, seeks to add a new ground for relief, attacks the court's previous resolution of a claim on the merits, or otherwise challenges the court's determination that there exist or do not exist grounds entitling the petitioner to habeas relief.

Todd v. United States, No. C11-0470JLR, 2012 WL 5351845,* 2 (Oct. 29, 2012, W.D. Wash.) (citing Washington, 653 F.3d at 1063).

Petitioner's pending motion, ostensibly brought pursuant to Rule 60(b), appears to be more in the nature of supplemental objections to the findings and recommendations issued on September 19, 2012, or a supplement to his appeal filed in the Ninth Circuit, rather than a Rule 60(b) motion for reconsideration.  Although petitioner argues that the court's failure to rule in his favor was based on a "fraud" and was contrary to law, the result of discrimination, and an attack on the integrity of the proceedings, he essentially merely rehashes claims and arguments made in connection with his original habeas petition.  However, a party seeking reconsideration must show more than a disagreement with the court's decision, and "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

To the extent that petitioner raises slightly new arguments in support of the claims contained in his original habeas petition, those arguments were or should have been available to petitioner when he filed his original petition and could have been raised at that time.  Petitioner's current arguments are certainly not based on newly discovered evidence, an intervening change in the controlling law, or new facts, and he has likewise failed to demonstrate that the court committed clear error.[2]  Nor has petitioner demonstrated that extraordinary circumstances justify

---

[2] On October 3, 2013, petitioner notified this court that the Placer County Superior Court appointed counsel to represent him pursuant to California Penal Code § 1405, apparently for the purpose of exploring whether a motion for DNA testing should be filed in connection with petitioner's underlying criminal case.  (ECF No. 156.)  There is no evidence before this court that

reconsideration of the judgment entered in this case. See Gonzalez, 545 U.S. at 535 ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). Rather, petitioner is now merely asking this court "for a second chance to have the merits determined favorably." Washington, 653 F.3d at 1063. In essence, petitioner's Rule 60(b) motion seeks to litigate claims already adjudicated on the merits by this court. It is therefore a second or successive petition, and this court lacks jurisdiction to consider it absent authorization from the Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3). See Schad v. Ryan, No. CV-97-02577-PHX-ROSl, 2013 WL 5276407, *7 (D. Ariz. Sept. 19, 2013), aff'd, ___ F.3d ___, No. 13-16895, 2013 WL 5498094 (9th Cir. Oct. 4, 2013) (petitioner's Rule 60(b) motion treated as a second or successive petition where it did not allege a specific defect in the integrity of the district court proceedings but simply sought to attack the federal court determination that there did not exist grounds entitling petitioner to habeas relief).

Even considered on the merits, petitioner's motion for reconsideration must fail. This court has carefully considered the arguments set forth by petitioner in the pending motion. A review of the court record reflects that all federal constitutional claims contained in petitioner's habeas application were in fact fully addressed in the September 19, 2012 findings and recommendations.[3] Petitioner has failed to show that the court's ruling on those claims was

---

a DNA test has been requested or ordered by the state court, and petitioner's assertion that this development will lead to evidence that will support the claims made in his federal habeas petition and/or discovery motions is pure speculation. Even if correct, the fact that counsel has been provided to petitioner pursuant to a statutory procedure for determining whether additional DNA testing is appropriate in a criminal case under governing state law does not constitute new evidence for purposes of the instant motion and is therefore irrelevant to the disposition of that motion pending before this federal habeas court.

[3]  One of petitioner's arguments advanced in his motion for reconsideration is that the court failed to address his asserted claims of ineffective assistance of counsel for failure to prepare a defense to kidnapping, "fatal variance," and insufficient notice of the charge of felony murder predicated on a kidnapping. (ECF No. 149-1 at 13-17.) The court record reflects that petitioner sought to add these claims to his petition through a motion to amend. (ECF No. 53.) In his reply to respondent's opposition to that motion, petitioner conceded he was provided adequate notice of the charge of felony murder predicated on a kidnapping, and he then narrowed his arguments to a request that he be allowed to proceed with a claim that his trial counsel failed to adequately

1  incorrect, unfair, or the result of any bias.  Petitioner has also failed to demonstrate that the court
2  erred in denying his discovery motions, his request for a certificate of appealability, his requests
3  for reconsideration, or his request for an evidentiary hearing.
4        Accordingly, IT IS HEREBY RECOMMENDED that petitioner's request for relief from
5  judgment pursuant to Fed. R. Civ. Proc. 60(b) and for an evidentiary hearing be denied.
6        These findings and recommendations are submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
8  after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
11 shall be served and filed within fourteen days after service of the objections.  Failure to file
12 objections within the specified time may waive the right to appeal the District Court's order.
13 Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
14 1991).  In his objections petitioner may again address whether a certificate of appealability should
15 issue in the event he files an appeal from the judgment entered in this case.  See Rule 11, Federal
16 Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of
17 appealability when it enters a final order adverse to the applicant).
18 Dated:  October 17, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
Garcia968.60b

---

27 prepare a defense to the prosecution's theory of felony murder predicated on kidnapping.  (ECF
   No. 79 at 4.)  Petitioner's motion to amend to add this claim of ineffective assistance of counsel
28 was denied on the grounds that the claim lacked merit in any event.  (ECF Nos. 53, 79.)